STATE of Wisconsin, Plaintiff-Respondent,

v.

Gary CURTIS, Defendant-Appellant.†

Court of Appeals

*No. 96–2884–CR. Submitted on briefs February 6, 1998.—Decided April 8, 1998.*

(Also reported in 582 N.W.2d 409.)

†Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Arthur B. Nathan* of *Nathan Law Office, S.C.* of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary E. Burke*, assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.  Gary Curtis appeals from his conviction for delivering drugs pursuant to §§ 161.41(1)(h)1 and 161.41(1)(cm)1, STATS., 1993–94.[1] He contests several aspects of his trial. We consider the two most important issues to be whether it is necessary to have a *Machner*[2] hearing in *every* claim of ineffective assistance of counsel and whether voice identification may be used to authenticate one-party consent tapes. We begin with a brief review of the facts, address these two issues and then dispose of the other issues in this case.

---

[1] These sections were renumbered to §§ 961.41(1)(h)1 and 961.41(1)(cm), STATS., by 1995 Wisconsin Act 448, § 244.

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

Curtis was an inmate at Racine Correctional Institution (RCI) when the events underlying this case occurred. Officials at RCI used Michael Poivey, another inmate, as an informant. Poivey wore a wire and recorded his conversations with Curtis while buying drugs from him. The tapes were played for the jury at Curtis' trial, and the jury was able to read transcripts of the conversations recorded on the tapes. The jury found Curtis guilty on four of the six counts he faced.

First, Curtis claims that trial counsel was ineffective in failing to cite case law in his motion to suppress the tapes and in failing to request an in camera review of the tapes prior to their admission as evidence. Curtis acknowledges that the court of appeals has held that a postconviction *Machner* hearing is a prerequisite to a claim of ineffective assistance of counsel. *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905, 908 (Ct. App. 1979). He appears to contend, however, that a *Machner* hearing is not necessary in every case. Curtis claims that because trial counsel's errors were so obvious and could not possibly have been trial tactics, no *Machner* hearing was required.

We read *Machner* to preclude Curtis' interpretation. While the *Machner* court did not explicitly specify that a hearing was required in every case, we construe it to mean just that. The court held in *Machner* that "it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel." *Id.* The hearing is important not only to give trial counsel a chance to explain his or her actions, but also to allow the trial court, which is in the best position to judge counsel's performance, to rule on the motion. This dual purpose renders the hearing essential in every case where a claim of ineffective assistance of

counsel is raised. Here, the lack of a *Machner* hearing prevents our review of trial counsel's performance.[3]

Next, Curtis claims that the tapes admitted into evidence at trial were not properly authenticated. At trial, Poivey, a party to the conversations on the tapes, testified that the voices on the tapes were his and Curtis'. This type of voice identification is a valid avenue of authentication. *See United States v. Carrasco*, 887 F.2d 794, 803 (7th Cir. 1989). In *Carrasco*, a man who bought falsified green cards from the defendant identified the defendant's voice and his own in the recorded conversations. *See id.* at 796, 803. The Seventh Circuit held that tapes are properly identified and authenticated when a party to the recorded conversation identifies the defendant's voice and testifies that the tapes accurately depict the conversations. *See id.* at 803. We adopt the reasoning of *Carrasco* and apply it to this case. Poivey's identification of Curtis' voice on the tapes was adequate authentication of the tapes.

---

[3] Our holding should not be construed to say that a defendant is automatically entitled to an evidentiary hearing no matter how cursory or meritless the ineffective assistance of counsel claim might be. As evident from reading *State v. Bentley*, 201 Wis. 2d 303, 313, 548 N.W.2d 50, 54 (1996), a trial court may deny a postconviction motion without a hearing if the motion fails to allege sufficient facts to raise a question of fact, presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief. We read *Machner* to say that assuming there are factual allegations which, if found to be true, might warrant a finding of ineffective assistance of counsel, an evidentiary hearing is a prerequisite to appellate review of an ineffective assistance of counsel issue.

■ Curtis' remaining claims need not detain us long. First, he claims that the trial court failed to verify the accuracy of the tapes and the transcripts. Section 910.03, STATS., allows the admission of duplicate recordings as long as there is no genuine question raised as to their authenticity. We have already discussed the tapes' authenticity. Furthermore, the FBI agent who rerecorded the original tapes testified about the procedure used for rerecording in order to enhance intelligibility. Regarding the transcripts, not only has Curtis waived his right to object to them by not doing so at trial, but there was ample testimony that they accurately reflected the content of the tapes. Both the tapes and the transcripts were properly admitted.

■ Curtis also attacks the use of the tapes on the theory that one-party consent tapes are legal only for investigative purposes and are not admissible as evidence. This used to be the law in Wisconsin, but the law had changed by the time the 1993 recordings were entered into evidence at Curtis' trial. *See, e.g., State v. Waste Management of Wis., Inc.*, 81 Wis. 2d 555, 572, 261 N.W.2d 147, 154 (1978) (holding one-party consent tapes lawful but not admissible); § 968.29(3)(b), STATS. (statute created by 1989 Wisconsin Act 121, § 113, effective 1990, allowing one-party consent tapes into evidence in felony drug prosecutions).[4] Curtis' claim is no longer meritorious.

---

[4] Subsequent amendments have further broadened this authorization to all felonies. *See* 1993 Wis. Act 98, § 144; 1995 Wis. Act 30, § 1. However, these amendments were not effective until after Curtis' trial.

Additionally, Curtis challenges the legality of the tapes under a Department of Corrections rule prohibiting inmates from having recording devices in the institution. *See* DOC 309, I.M.P. #1-A, subsec. (c)(2) & (3). This rule, however, governs the *personal property* which inmates are allowed to possess. It does not apply to recording devices used by prison officials for the limited purpose of investigating prison drug dealing.

Finally, we do not address Curtis' claim that the court erred in not allowing a witness to express an opinion on the truthfulness of one of the State's witnesses. The issue is inadequately briefed. This court need not review issues inadequately briefed. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992).

*By the Court.*—Judgment affirmed.