PER CURIAM.
¶ 1 Gary L. Taylor appeals from a judgment entered upon a jury's guilty verdict convicting him of repeated sexual assault of the same child. He contends that in the State's rebuttal closing argument, the prosecutor improperly commented on Taylor's decision not to testify. We disagree and affirm.
BACKGROUND
¶ 2 For acts occurring during the summer of 2013, the State charged thirty-six-year-old Taylor with sexually assaulting a fourteen-year-old female victim. That summer, the victim and two of her underage friends, T.A. and H.A., began spending the weekend at Taylor's home. In addition to providing them a place to "hang out," Taylor gave them alcohol to drink. During these weekend visits, the victim told her mother she was staying with H.A. T.A. and H.A. would normally sleep in Taylor's living room while the victim and Taylor shared a bed in Taylor's room.
¶ 3 The victim testified that Taylor performed penis-to-vagina intercourse in that bed at least twenty-five times during those weekend visits. She initially protested but sometimes he restrained her and slapped her. The victim said Taylor threatened he would hurt her if she screamed or fought back. She said he was bigger than her and that she did not fight back because she did not want to get hurt.
¶ 4 During the weekend visits, H.A. sometimes saw the victim and Taylor kissing and making out. Taylor told H.A. he "was happy and wanted to be with [the victim]." He told her "they wanted to be together, and they were together, like they were exclusive, that there was a sexual relationship." But H.A. also said she experienced Taylor's threats: "[He] had made threats toward us.... He had made threats that he was going to be with her and that nobody was going to stop him." H.A. considered Taylor "just very intimidating, and he [had] a very scary side to him."
¶ 5 Taylor's neighbor testified that he saw Taylor and the victim together doing "standard relationship things" like holding hands, kissing, and hugging. Taylor would tell the neighbor that he preferred younger girls sexually because they were underage and "nobody else has been inside of them."
¶ 6 In closing arguments, trial counsel reminded the jury that the State bore the burden of proof and argued that, in the victim, "[t]he State has put on a witness that told us a story that can't possibly be true. It can't possibly be true." Counsel argued that if the first assault happened with some force, as the victim described, she would not have returned to Taylor's house. Counsel discounted the victim's claims of sexual assault, proposing that she enjoyed the freedom and alcohol Taylor provided and would not have had a sexual relationship with him due to his age and appearance. Counsel argued: "This guy was used by [the victim] and her friends for his booze and his car."
¶ 7 Trial counsel further argued that the prosecutor had failed to elicit promised testimony from witnesses including T.A. and H.A.: "She told you in her opening statement that ... these people would say that [Taylor] raped [the victim]." But
[t]hey all had different stories and none of them matched up. Some think it might be consensual. Some think they don't know. Some think [Taylor] is just a smart mouth. None of them backed up [the victim's] story, not one of them. Nobody told you that they knew that she had been sexually assaulted.
¶ 8 In her rebuttal, the prosecutor responded to trial counsel's closing argument:
The Defense spent a lot of time discussing not guilty. It means the State didn't prove beyond a reasonable doubt. One of the instruction[s] that you have to look at is what is evidence? And the first thing it says is evidence is, first, the sworn testimony of witnesses.
So what you heard from each of [the witnesses], that's the evidence of this case. [The victim's] testimony that she had been sexually assaulted by Gary Taylor. Nobody up on that witness stand was able to say it didn't happen. And that's the interesting thing about sexual assaults. There is only two people who would have been in that room when it happened, Gary and [the victim,] because sexual assaults don't happen in the open. They don't happen in front of a whole bunch of people.
¶ 9 The prosecutor acknowledged that neither the victim's friends nor the neighbor could definitively say whether sex did or did not take place between the victim and Taylor, but argued that their testimony provided circumstantial support for the victim's allegations. At the end of her rebuttal, the prosecutor urged the jury to accept the victim's allegations:
Everything [the victim] said is possible. Everything [the victim] said is not contradicted by any evidence that isn't put on that stand for you guys. So there is only one rational explanation. When [the victim] went into that bedroom, Gary had sex with her, and this happened multiple times in multiple occasions.
¶ 10 At no time did the defense object to the prosecutor's argument or move for a mistrial. For the first time on appeal, Taylor argues that the prosecutor's rebuttal improperly called attention to the fact that he chose not to testify in his own defense.
DISCUSSION
¶ 11 The Fifth Amendment prohibits "comment by the prosecution on the accused's silence." Griffin v. California , 380 U.S. 609, 615 (1965). This includes both direct and indirect comments that call attention to the defendant's choice not to testify at trial. State v. Jaimes , 2006 WI App 93, ¶ 21, 292 Wis. 2d 656, 715 N.W.2d 669. An indirect comment refers to a defendant's choice not to testify if "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Id. , ¶ 22 (citation omitted). An indirect comment is improper if it (1) constitutes a reference to the defendant's failure to testify, (2) proposes that the failure to testify demonstrates guilt, and (3) is not a fair response to a defense argument. Id. , ¶ 21.
¶ 12 We conclude that the prosecutor's rebuttal argument did not constitute improper commentary on Taylor's decision not to testify at trial.[1] See State v. Neumann , 2013 WI 58, ¶ 32, 348 Wis. 2d 455, 832 N.W.2d 560 (whether state action violates due process presents a question of law). At no point did the prosecutor refer directly or indirectly to Taylor's decision not to testify, let alone suggest that his lack of testimony was indicative of guilt. Instead, the prosecutor's rebuttal asserted that (1) witness testimony constituted the evidence in the case, (2) the victim's testimony established Taylor's crimes, (3) none of the victim's friends testified that the sexual assault did not occur, and (4) that fact is not surprising because the crime of sexual assault normally lacks witnesses to the direct act.
¶ 13 Further, the prosecutor's rebuttal was a fair and direct reply to trial counsel's closing argument. See United States v. Robinson , 485 U.S. 25, 34 (1988) ; Jaimes , 292 Wis. 2d 656, ¶¶ 21, 24. Here, Taylor's trial counsel had urged the jury to conclude that, since the victim's friends could not directly testify that Taylor sexually assaulted her, the assaults probably did not happen: "None of them backed up [the victim's] story, not one of them. Nobody told you that they knew that she had been sexually assaulted in closing." The prosecutor pointed out while neither H.A., T.A., nor the neighbor actually witnessed Taylor and the victim having sex, their testimony constituted circumstantial evidence which supported the victim's "story." The prosecutor's acknowledgment that there were "only two people who would have been in that room when it happened" was not a comment on Taylor's failure to take the stand to rebut the victim's testimony, but a response to trial counsel's assertion that because no other witness testified to having seen Taylor and the victim engage in sex, the jury should reject the victim's testimony.
¶ 14 We similarly reject Taylor's contention that the prosecutor improperly commented on his silence by saying, "Everything [the victim] said is not contradicted by any evidence that isn't put on that stand for you guys." Here, Taylor argues that, in the Seventh Circuit, a prosecutor may not refer to the evidence in her case as uncontradicted or unrebutted if the defendant was the only person who could have contradicted or rebutted that evidence and if the prosecutor manifestly intended her comments in rebuttal to refer to the defendant's silence, or if the jury would naturally and necessarily take the comments as references to the defendant's silence.
¶ 15 Assuming that the Seventh Circuit decisions cited by Taylor hold sway in this state court appeal, Taylor has not established any impropriety. This court "must look at the context in which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact on the jury." State v. Nielsen , 2001 WI App 192, ¶ 32, 247 Wis. 2d 466, 634 N.W.2d 325. As argued by the State, the notion that the jury would construe the prosecutor's awkward sentence as a comment on Taylor's decision not to testify strains credulity. Similarly, the "court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." Jaimes , 292 Wis. 2d 656, ¶ 23 (quoting Donnelly v. DeChristoforo , 416 U.S. 637, 647 (1974) ). Read in context and in conjunction with the rest of the prosecutor's rebuttal, the complained-of sentence is most reasonably interpreted as another attempt to communicate the same straightforward message as before: while none of the victim's friends could testify with certainty that the charged sexual assaults did or did not occur, that did not render the victim's allegations unworthy of belief. This is a reference to what the prosecutor's witnesses could and could not testify to regarding the sexual assaults, not to Taylor's choice not to testify.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The State asserts that by failing to make a contemporaneous objection and failing to move for a mistrial, Taylor forfeited review of his Fifth Amendment claim. See State v. Doss , 2008 WI 93, ¶ 83, 312 Wis. 2d 570, 754 N.W.2d 150 (defendant's failure to object to the prosecution's closing statement "waived this issue," and "in essence conceded at trial that the commentary did not cross the line to such a degree that her constitutional rights were substantially infringed"). Further, the State points out that though Taylor could have obtained review of this forfeited claim by alleging the ineffective assistance of counsel, he did not file the requisite postconviction motion. See State v. Curtis , 218 Wis. 2d 550, 554-55, 582 N.W.2d 409 (Ct. App. 1998). While we generally decline to review issues not presented to the circuit court, forfeiture is a rule of judicial administration. State v. Hershberger , 2014 WI App 86, ¶ 22 n.6, 356 Wis. 2d 220, 853 N.W.2d 586. In our discretion and for reasons including that both parties have briefed the merits of Taylor's Fifth Amendment claim and that our standard of review is de novo, we choose to address the substantive issues.