COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1000**

Cir. Ct. No.  **2014CV60**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

LAONA STATE BANK,

PLAINTIFF-RESPONDENT,

ROBERT & CAROL GEZELLA, INDIVIDUALLY AND AS TRUSTEES OF THE ROBERT P. & CAROL E. GEZELLA REVOCABLE TRUST, JAMES & SHARON BORSCHE, INDIVIDUALLY AND AS TRUSTEES OF THE BORSCHE TRUST, WILLIAM & JULIE BONGEAN AND MICHAEL & BARBARA HALRON, INDIVIDUALLY AND AS TRUSTEES OF THE HALRON REVOCABLE TRUST,

INVOLUNTARY-PLAINTIFFS,

V.

JUDSON R. MOELLER, CAROL J. MOELLER AND MOELLER-VALLEY, INC.,

DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Forest County: PATRICK F. O'MELIA, Judge.  *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Judson Moeller, Carol Moeller, and Moeller-Valley, Inc. (collectively, the Moellers) appeal a partial summary judgment granted in favor of Laona State Bank (the Bank). In 2010, the Moellers recorded a "Declaration of Easement" which, according to the Moellers, conveyed the right to use an easement road over three of their properties—each of which was then subject to a mortgage held by the Bank. Two years later, the Bank obtained a judgment foreclosing the mortgages on the three properties.

¶2 In the instant lawsuit—which is one of several suits the Moellers and the Bank have been involved in since the 2012 judgment of foreclosure—the circuit court granted the Bank partial summary judgment, declaring the 2010 Declaration of Easement void. The Moellers contend, for various reasons, that the court erred by doing so. We disagree and affirm.[1]

## BACKGROUND

¶3 The Moellers owned property near Roberts Lake in Forest County. *See* ***Laona State Bank v. Moeller***, No. 2017AP1532, unpublished slip op. ¶5 (WI App Sept. 25, 2018) (***Moeller I***). In 1998, the Moellers and the Bank entered

---

[1] We note that the parties are before us for a second time. In their previous appeal, we addressed an issue arising directly from the 2012 judgment of foreclosure. *See* ***Laona State Bank v. Moeller***, No. 2017AP1532, unpublished slip op. ¶¶1-4 (WI App Sept. 25, 2018) (***Moeller I***). Although this appeal arises from a separately filed case, many of the relevant background facts are the same as in ***Moeller I***.

into a real estate security agreement which, in order to secure a loan previously issued to the Moellers by the Bank, granted the Bank a continuing lien on the Moellers' Roberts Lake property. Then, in 2002, the Moellers granted the Bank a mortgage on their Roberts Lake property to secure previously issued loans.

¶4     As relevant to this appeal, the Moellers' mortgaged property included parcels designated as Lots 3A, 4, and 5. *Id.* Access to these lots from the nearby public roadway is via a private easement road, which traverses a parcel of property that is still owned by the Moellers.[2] *Id.* In describing Lots 3A, 4, and 5, the 1998 real estate security agreement and 2002 mortgage reference various recorded certified survey maps (CSMs), which show the easement road.[3] *Id.*

¶5     In March 2010, the Moellers recorded a "Declaration of Easement." *Id.*, ¶6. That document purported to grant future owners of Lots 3A, 4, and 5, "[a]t the time of ownership transfer" from the Moellers, the right to use the easement road—on the condition that at the time of transfer each lot owner pay the Moellers $24,975 per lot, plus interest accruing at a rate of twelve percent beginning on January 1, 2010. If that sum were not paid, the Declaration of Easement provided that "Easements will not be assigned and the access to property and Lake Access will be terminated until paid in full."

---

[2]  The parties refer to this parcel of property as Lot 7. We follow suit.

[3]  We note that the 1998 real estate security agreement specifically states the land subject to the agreement included "an easement for ingress and egress along [a] private easement road as described in [a CSM]." The 2002 mortgage documents more generally state that the real estate being mortgaged included "all … easements," and also refer to an "easement road" described in a CSM.

¶6 In February 2011, the Bank filed a foreclosure action against the Moellers in Forest County case No. 2011CV24.[4] *See id.*, ¶7. The foreclosure court ultimately granted the Bank a judgment of foreclosure with respect to Lots 3A, 4, and 5 (among other lots). *Id.* That judgment provided, in relevant part, "that the [Moellers], their heirs, successors or assigns, and all persons claiming under them after the filing of the notice of the pendency of this action be forever barred and foreclosed from all rights, title, interest and equity of redemption of said mortgaged premises."

¶7 At a hearing during the sheriff's sale and confirmation process in case No. 2011CV24, the foreclosure court orally found that "by reference to the [CSMs] that included those easements," in the 1998 real estate security agreement and 2002 mortgage, the Moellers conveyed to the Bank easement rights to the private road. The foreclosure court did not, however, reduce that finding to writing.[5] The Bank ultimately acquired Lots 3A, 4, and 5 at a sheriff's sale, which was confirmed by the foreclosure court on August 21, 2014. *See id.*, ¶8.

¶8 Five days after confirmation of the sheriff's sale, the Bank filed the instant lawsuit. In its complaint, the Bank alleged that the Moellers had installed a

---

[4] The Honorable Leon D. Stenz presided over the proceedings in Forest County case No. 2011CV24. We refer to Judge Stenz as the "foreclosure court" for the remainder of this opinion.

[5] In *Moeller I*, the issue presented concerned the Bank's successful request—nearly two years after the foreclosure court confirmed the sheriff's sale in case No. 2011CV24—to have the foreclosure court amend two of its written orders to reflect this oral finding. *See Moeller I*, No. 2017AP1532, ¶2. We concluded that the amendment of those orders was improper because the Bank did not move the court for relief from the orders under WIS. STAT. § 806.07 (2017-18) and the foreclosure "court lacked inherent authority" to make such a belated amendment. *Id.*, ¶4.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

gate on Lot 7 and were threatening to use the gate to "close off" access to Lots 3A, 4, and 5 via the easement road. The Moellers counterclaimed, arguing that the Bank had not acquired the right to use the easement road in its foreclosure action and had not otherwise obtained that right (i.e., by making the payments to the Moellers that the 2010 Declaration of Easement required for the grant of easement rights to Lots 3A, 4, and 5).

¶9      The Bank subsequently filed three motions for partial summary judgment. The last of these motions, which it filed on August 9, 2016 (nearly two years after it filed its complaint), is the one at issue in this appeal.[6]

¶10     In its third summary judgment motion, the Bank requested that the circuit court declare the Moellers' 2010 Declaration of Easement void. As grounds, the Bank argued the private road easement had been conveyed with the 1998 real estate security agreement and 2002 mortgage,[7] and the Moellers could not unilaterally amend that easement by adding a conditional payment requirement in 2010. In addition, the Bank argued the judgment of foreclosure in case No. 2011CV24 extinguished any interest the Moellers had in the 2010 Declaration of Easement.

¶11     The circuit court did not decide the Bank's August 2016 summary judgment motion for over two years. This lengthy delay resulted from the circuit court's decision to allow the Moellers to pursue their ultimately successful appeal

---

[6] The Bank filed an amended version of this motion in October 2016.

[7] To support this contention, the Bank relied on the foreclosure court's amended orders, which were the subject of the appeal in *Moeller I*.

in *Moeller I*, which, again, challenged the propriety of the foreclosure court's decision to amend the orders relied upon by the Bank in its motion.

¶12   Following our decision in *Moeller I*, the circuit court granted the Bank's motion to declare the 2010 Declaration of Easement void.[8]   This appeal follows.  Additional facts are discussed below.

## DISCUSSION

¶13   On appeal, the Moellers raise a number of challenges both to the circuit court's decision to even consider the merits of the Bank's third summary judgment motion and to the court's ultimate decision to grant that motion.  We address, and reject, each of the Moellers' arguments in turn.

## I.  Consideration of the August 2016 summary judgment motion

¶14   The Moellers first contend the circuit court "erred in hearing the [August 2016] motion for partial summary judgment filed more than eight months after the filing of the amended summons and complaint."  We review a circuit court's decision to allow a party to file a summary judgment motion after the eight-month time limit in WIS. STAT. § 802.08(1) for an erroneous exercise of discretion.  *See Lentz v. Young*, 195 Wis. 2d 457, 465-66, 536 N.W.2d 451 (Ct. App. 1995), *overruled on other grounds by Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist.*, 2019 WI 43, ¶¶46-48, 386 Wis. 2d 425, 926 N.W.2d 184.  We will sustain a discretionary decision as long as a court examined

---

[8] Instead of having the parties file additional briefs following our decision in *Moeller I*, the circuit court, without objection, decided the pending summary judgment motion on the record and arguments already before it.

the relevant facts, applied a proper standard of law, and used a rational process to reach a reasonable conclusion. *Hefty v. Strickhouser*, 2008 WI 96, ¶28, 312 Wis. 2d 530, 752 N.W.2d 820.

¶15 The purpose of the eight-month deadline for filing summary judgment motions under WIS. STAT. § 802.08(1) is to "prevent parties from using summary judgment as a delay tactic." *Lentz*, 195 Wis. 2d at 466. Although the deadline is "essential to the consistent and orderly administration of justice," it is not "an inflexible rule that the trial courts must blindly apply." *Id.* at 465.

¶16 A circuit court is afforded flexibility under WIS. STAT. § 802.08(1) because the "filing of motions is a matter that directly impacts the trial court's administration of its calendar. Trial courts have the inherent power to control their dockets to achieve economy of time and effort."[9] *Lentz*, 195 Wis. 2d at 465. Moreover, because a circuit court's inherent power to control its docket is "essential to [its] ability to function," we will not disturb a decision to allow the filing of a summary judgment motion after the eight-month deadline set forth in § 802.08(1) "unless the parties have been prejudiced." *Lentz*, 195 Wis. 2d at 465-66.

¶17 We conclude the Moellers fall far short of showing the circuit court erroneously exercised its discretion by allowing the Bank to file its August 2016 summary judgment motion. The Moellers do not argue that the filing of the August 2016 summary judgment motion past the eight-month deadline prejudiced

---

[9] We observe that the circuit court entered a scheduling order on January 4, 2016, which indicated that trial was scheduled for May 26, 2016. After the court subsequently cancelled that trial date, it does not appear the court entered a new scheduling order.

7

them in any way, nor do they argue that the Bank filed its motion as a delay tactic. Instead, citing *First National Bank of Columbus v. Hansen*, 84 Wis. 2d 422, 427, 267 N.W.2d 367 (1978), the Moellers argue that a circuit court may accept a motion filed after the eight-month deadline in WIS. STAT. § 802.08(1) only "where the failure to act was the result of excusable neglect." *Hansen*, 84 Wis. 2d at 427 (citing WIS. STAT. § 269.45(2) (1973-74)).[10]

¶18    We reject the Moellers' argument for three reasons. First, they ignore that in *Lentz* we explicitly recognized the *Hansen* court's acknowledgment of an "excusable neglect" statutory requirement, and we still held that we will not disturb a court's discretionary decision under WIS. STAT. § 802.08(1) "unless the parties have been prejudiced." *See Lentz*, 195 Wis. 2d at 465-66. And, again, the Moellers do not develop an argument that they were prejudiced by the late filing of the Bank's motion.

¶19    Second, a "determination of excusable neglect" under WIS. STAT. § 801.15(2) requires a circuit court to "consider the interests of justice implicated by the grant or denial of the [untimely] motion, and what effects such a ruling would have on the proceedings." *Casper v. American Int'l S. Ins. Co.*, 2011 WI 81, ¶38, 336 Wis. 2d 267, 800 N.W.2d 880. Here, although the circuit court made

---

[10] WISCONSIN STAT. § 269.45 (1973-74) was the predecessor statute to WIS. STAT. § 801.15(2). *See Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 469 n.3, 326 N.W.2d 727 (1982). Section 801.15(2)(a) provides:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. … If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

no express finding of fact regarding the effects its ruling would have on the proceedings, it clearly contemplated such concerns. To explain, the court not only allowed summary judgment motions to be filed after the eight-month deadline, but—as it stated in its written order granting the Bank's third motion for partial summary judgment—it "invited" the parties to do so at a June 30, 2016 hearing.[11]

¶20 Finally, as we discuss further below, it was apparent that the issue addressed by the Bank's third summary judgment motion could be decided as a matter of law. Thus, resolving that issue without the need to expend time and resources conducting an unnecessary trial "achieve[d] economy of time and effort"—which is precisely why circuit courts are afforded such broad discretion under WIS. STAT. § 802.08(1) in the first instance. *See Lentz*, 195 Wis. 2d at 465.

¶21 The Moellers also argue that the circuit court erred in considering the Bank's third motion for summary judgment because it was "unsupported by facts or affidavits." Their position appears to be that the Bank was required to file new affidavits to support its third motion for partial summary judgment—even though the record already contained numerous affidavits, from both parties, which contained the undisputed evidence relevant to the Bank's motion (i.e., the 1998 real estate security agreement and 2002 mortgage documents, the 2010 Declaration of Easement, and the judgment of foreclosure in case No. 2011CV24). Because the Moellers do not develop any argument explaining why these affidavits could not be considered to support the Bank's motion, we decline to

---

[11] In the Moellers' view, at the June 30, 2016 hearing the circuit court intended to "invite[] further briefs [only] on the undecided issue raised in the then-pending motion for summary judgment." Thus, the Moellers suggest the court's contrary finding that it intended to invite an additional motion for summary judgment was clearly erroneous. We are not persuaded, and we instead defer to the circuit court's own interpretation of what it invited the parties to file.

further consider this undeveloped argument. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

## II. Claim preclusion

¶22    The Moellers next contend that the circuit court erred by considering the Bank's argument that the Moellers' 2010 Declaration of Easement was void because that argument was barred by the doctrine of claim preclusion.[12]    The Moellers reason that the Bank could have challenged the validity of that document during the foreclosure proceedings in case No. 2011CV24, and they assert that the court even "dropped hints" that the Bank should do so.

¶23    Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." ***Northern States Power Co. v. Bugher***, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citation omitted).    There are three elements that must be present to establish claim preclusion: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." ***Id.*** at 551.    Whether claim preclusion applies to a particular factual scenario is a question of law that we review independently. ***Id.***

---

[12] The statement of issues in the Moellers' brief-in-chief purports to raise the issue of whether the circuit court "erred in failing to dismiss the [Bank's] claim for easement on issue preclusion grounds."    In their argument section, however, the Moellers discuss the "elements of claim preclusion" and, in a footnote, emphasize that claim preclusion is "[n]ot to be confused with issue preclusion."    Because the Moellers do not develop any argument concerning issue preclusion, we confine our discussion to the doctrine of claim preclusion.

¶24     As a threshold matter, we note that although the Moellers raised their claim preclusion argument below, the circuit court did not address the issue. Given that application of the doctrine of claim preclusion to a particular factual scenario is a question of law, however, and because we conclude the record plainly demonstrates that claim preclusion does not apply, the court's failure to address the Moellers' argument provides them with no basis for relief.

¶25     We conclude the Moellers' claim preclusion argument fails because it assumes that the validity of the 2010 Declaration of Easement was not litigated in case No. 2011CV24. To the contrary, and as we explain more fully below, the judgment of foreclosure in that case necessarily extinguished any interest the Declaration of Easement conferred upon the Moellers when it was recorded in 2010.

¶26     Indeed, that extinguishment is the very reason the Bank filed this action—because it believed, correctly, that the Moellers' actions (i.e., threatening to gate off the private easement road) violated the judgment of foreclosure.[13] Stated differently, the Bank's present lawsuit attempted to enforce the prior judgment granted in its favor. When a party attempts to enforce a judgment entered in its favor, the doctrine of claim preclusion cannot prevent it from doing

---

[13] We note that our decision in *Moeller I* specifically stated we did not reach the substance of the foreclosure court's judgment in case No. 2011CV24; we "merely h[e]ld that the [foreclosure] court erred by determining it had inherent authority to modify" its previous orders nearly two years after it entered them. *Moeller I*, No. 2017AP1532, ¶31.

so.[14]  *See **Cleaver Brooks, Inc. v. AIU Ins. Co.***, 2013 WI App 135, ¶35, 351 Wis. 2d 643, 839 N.W.2d 882.

### III.  Summary judgment decision

¶27    The Moellers next argue that the circuit court erred in granting the Bank's motion for summary judgment.  We independently review a grant of summary judgment, using the same methodology as the circuit court.  ***Hardy v. Hoefferle***, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843.  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2).

¶28    We begin by clarifying what the circuit court decided in the judgment at issue in this appeal:  the court declared that the 2010 Declaration of Easement was void.  Again, that document purported to condition Lots 3A, 4, and 5's use of the private road easement upon the payment of $24,975, plus interest, to the Moellers.  The court declared this document void for two reasons: (1) it represented a "unilateral attempt to restrict and place burdens on the existing easement as part of the mortgage[d] real estate through an instrument recorded subsequent to the [1998 real estate security agreement and 2002 mortgage] held by the Bank"; and (2) "any interest [the Moellers had] in the easements was extinguished by virtue of the Foreclosure."

---

[14]  In its response brief, the Bank argues that "it is the Moellers, not the Bank, who should be precluded from litigating any issue pertaining to the validity of the 2010 Declaration of Easement subsequent to the Judgment of Foreclosure."  Because we reject the Moellers' arguments on their merits, we need not, and do not, address this argument.

¶29    The Moellers first contend the circuit court erred by determining that the 1998 real estate agreement and 2002 mortgage conveyed any right to the private easement road.[15]  As best we can discern, their argument is that, although the relevant documents undisputedly state the real estate securing the loans at issue included easement rights, the documents do not comply with Wisconsin's statute of frauds, *see* WIS. STAT. § 706.02, because they do not provide a full description of the private road easement on their face.  Relatedly, the Moellers contend that a CSM cannot convey an interest in real property.

¶30    We are not persuaded.  The Moellers do not provide any citation to legal authority which either holds directly or supports an argument that a conveyance needs to expressly define the location and scope of an easement on its face to satisfy the statute of frauds.  Again, we need not consider undeveloped arguments.  *See Pettit*, 171 Wis. 2d at 646.  In any event, our case law supports a flatly contrary position.  *See, e.g.*, *Prezioso v. Aerts*, 2014 WI App 126, ¶¶21-23, 358 Wis. 2d 714, 858 N.W.2d 386.

---

[15] The Bank argues, and we agree, that the Moellers present a multitude of facts and arguments that "do not pertain to and are not relevant to the determination of whether the 2010 Declaration of Easement is void as a matter of law."  For example, the Moellers point to allegedly disputed facts concerning the location of the easement at issue and argue that this dispute rendered summary judgment inappropriate.  Even assuming that there is a valid dispute on that issue, however, it would have no bearing on the validity of the 2010 Declaration of Easement. This conclusion follows because, as we explain below, the effect of the judgment of foreclosure in case No. 2011CV24 was to restore the title of the properties at issue to the state in which they stood when the Bank and the Moellers executed their 1998 and 2002 agreements (i.e., well before 2010).  We limit our discussion to facts and argument relevant to the circuit court's decision that is before us.  *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978), *superseded by statute on other grounds as recognized in State v. Curtis*, 218 Wis. 2d 550, 582 N.W.2d 409 (1998) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal").

¶31    The Moellers next contend the circuit court erred by determining that the judgment of foreclosure extinguished any of their rights to Lots 3A, 4, and 5 created by the 2010 Declaration of Easement.   They assert: "[T]he foreclosure did not extinguish the Moellers' interests in lands that were not those specifically mortgaged lots [i.e., Lot 7].   The Moellers at a minimum hold the servient interest over which the easement flows.   That interest was not mortgaged and was not foreclosed."

¶32    We perceive no error by the circuit court.   In support of its decision, the court cited *Walworth State Bank v. Abbey Springs Condominium Ass'n*, 2016 WI 30, 368 Wis. 2d 72, 878 N.W.2d 170, which states that a "foreclosure action determines the rights of the parties to the subject property and restores 'the title to the property as it stood at the time of the execution of the mortgage.'" *Id.*, ¶25 (citation omitted).   When the Bank and the Moellers executed the 1998 real estate security agreement and 2002 mortgage, the properties at issue had lawful access to the private easement road for the reasons just explained, and that access was undisputedly not conditioned on any payment being made to a third party.   When it was entered, the judgment of foreclosure, as a matter of law, restored the properties to that state.   *See id.*

        *By the Court.*—Judgment affirmed.

        This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.